UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SHELLI ANN KOCH**                                             **CIVIL ACTION**

**VERSUS**                                                      **NO. 22-952**
                                                                **C/W NO. 23-202**

**ROTORCRAFT LEASING**
**COMPANY LLC**                                                 **SECTION: "H"**

### ORDER AND REASONS

Before the Court is Plaintiff's Motion to Dismiss for Failure to State a Claim or, in the Alternative, Motion for Summary Judgment on the Claims of Troy Burt and Scotty Hyatt (Doc. 45). For the following reasons, the Motion is **DENIED**.

### BACKGROUND

This case arises out of a helicopter crash in Lafourche Parish, Louisiana on January 14, 2022, which resulted in the death of the sole passenger, Dana Lee Burt ("the Decedent"), and pilot, Dylan Horn. Plaintiff Shelli Ann Koch, as the tutrix of Dana Lee Burt's minor son, L.B., and administratrix of the estate of Dana Lee Burt, initiated this suit against Defendant Rotorcraft Leasing Company LLC in the 17th Judicial District Court for the Parish of Lafourche, asserting negligence and survival claims on behalf of the Decedent's estate and a wrongful death claim on behalf of L.B. Plaintiff Shelli Ann Koch alleges that, at the time of the crash, Dylan Horn was employed by and acting in the course

1

and scope of his employment with Defendant Rotorcraft Leasing Company, LLC.

On January 14, 2023, Plaintiffs Troy Burt and Scotty Hyatt ("the Burt Brothers") filed their Complaint with this Court, seeking recovery against Defendant under the Louisiana survival and wrongful death statutes. The Burt Brothers allege that they are the only surviving heirs of Dana Lee Burt, as his surviving brother and half-brother, respectively. Thereafter, the two cases brought by Shelli Ann Koch and the Burt Brothers were consolidated.[1] Plaintiff Koch has now filed this Motion to Dismiss for Failure to State a Claim or, in the Alternative, Motion for Summary Judgment as to the claims of Troy Burt and Scotty Hyatt. The Burt Brothers oppose the Motion.[2]

## LEGAL STANDARD

### 1. *12(b)(6) Motion to Dismiss*

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[3] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[4] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[5] The Court need not, however, accept as true legal conclusions couched as factual allegations.[6]

---

[1] Doc. 42.
[2] Doc. 46.
[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).
[4] *Id.*
[5] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[6] *Iqbal*, 556 U.S. at 667.

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[7] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[8] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[9]

### 2. Motion for Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[10] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[11]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[12] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[13] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[14] "In response to a properly supported motion for summary judgment, the non-movant must

---

[7] *Id.*
[8] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).
[9] *Lormand*, 565 F.3d at 255–57.
[10] FED. R. CIV. P. 56(c).
[11] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[12] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528 (5th Cir. 1997).
[13] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[14] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[15] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[16] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[17]

## LAW AND ANALYSIS

Plaintiff Koch moves to dismiss Consolidated Plaintiffs Troy Burt and Scotty Hyatt's claims against Defendant Rotorcraft Leasing Company LLC on the basis that they lack standing under the Louisiana wrongful death and survival statutes. When cases are consolidated under Federal Rule of Civil Procedure 42(a), each action maintains its separate identity.[18] "Consolidation does not merge the suits into a single action or change the rights of the parties; rather, consolidation is 'intended only as a procedural device used to promote judicial efficiency and economy.'"[19] Thus, the Court's consolidation of Plaintiff Koch's and the Burt Brothers' cases does not merge them into a single action nor does it change the rights of the parties.[20] Because it is axiomatic that a

---

[15] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[16] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[17] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[18] Frazier v. Garrison I.S.D., 980 F.2d 1514, 1532 (5th Cir. 1993) (citing Johnson v. Manhattan Ry., 289 U.S. 479, 496–97 (1933)).
[19] Lay v. Spectrum Clubs, Inc., No. SA-12-CV-00754-DAE, 2013 WL 788080, at *2 (W.D. Tex. Mar. 1, 2013) (citing Frazier, 980 F.2d at 1532)).
[20] Lay, 2013 WL 788080, at *2 (W.D. Tex. Mar. 1, 2013) (citing Frazier, 980 F.2d at 1532)). *See also* 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2382 (3d ed. 2008).

plaintiff may not move for dismissal of claims brought in a separate action to which it is not a party, Plaintiff Koch's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment on the Claims of Troy Burt and Scotty Hyatt must be denied.

In their Opposition to the instant Motion, Plaintiffs Troy Burt and Scott Hyatt ask this Court to order discovery in the form of DNA testing or "further information surrounding the circumstances of the acknowledgment of paternity form as well as Ms. Koch's lifestyle at the time of conception" under Federal Rules of Civil Procedure 26 and 35.[21] However, opposition briefing on a motion for summary judgment is "not the proper vehicle through which to address discovery disputes."[22] Even so, the discovery that the Burt Brothers request is limited to "parties."[23] As explained by the Court, the Burt Brothers are not parties to the above-captioned matter and their request for discovery must therefore be denied.[24]

---

[21] Doc. 46 at 6.

[22] Sw. Bell Telephone, L.P. v. Arthur Collins, Inc., 454 F. Supp. 2d 600, 604 (N.D. Tex. 2006) (refusing to consider a request for discovery sanctions included in a motion for summary judgment).

[23] *See* FED. R. CIV. P. 35(a)(1) ("The court where the action is pending may order a *party* whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." (emphasis added)); Acosta v. Tenneco Oil Co., 913 F.2d 205, 208 (5th Cir. 1990) ("Under Rule 35, three requirements are necessary to enable a court to order a Rule 35 exam: (1) the party's physical or mental condition must be in controversy; (2) the expert must be either a physician or a psychologist; and (3) good cause must be shown."). *See also* Fed. R. Civ. P. 35(b)(1) ("*Parties* may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." (emphasis added)).

[24] Consolidation is a procedural device to promote judicial efficiency and economy whereby each action retains its separate identity. *Lay*, 2013 WL 788080, at *2 (W.D. Tex. Mar. 1, 2013) (citing *Frazier*, 980 F.2d at 1532).

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment on the Claims of Troy Burt and Scotty Hyatt (Doc. 45) is **DENIED**.

New Orleans, Louisiana this 20th day of December, 2023.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**