## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LUCAS DWAYN BURT** | **CIVIL ACTION NO.: 22-00952** |
| **VERSUS** | **SECTION: "H" (3)** |
| **ROTORCRAFT LEASING COMPANY, LLC** | **DISTRICT JUDGE JANE TRICHE MILAZZO** |
| | **MAGISTRATE JUDGE EVA J. DOSSIER** |

## AMENDED AND RESTATED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Lucas Dwayn Burt, a fully judicially emancipated person and domiciled in the State of Louisiana, who, pursuant to Fed. R. Civ. P. 15(a) of the Federal Rules of Civil Procedure, respectfully amends his original pleading and represents as follows:

1.

The caption is hereby amended to reflect as follows (and as demonstrated above):

"Lucas Dwayn Burt

Versus

Rotorcraft Leasing Company, LLC."

2.

Made Defendant herein is:

A.    ROTORCRAFT LEASING COMPANY, LLC ("RLC"), a foreign limited liability

company, authorized to and doing business in the State of Louisiana.

3.

Plaintiff, Lucas Dwayn Burt, born in August of 2007, is the natural born and acknowledged child of decedent, Dana Lee Burt. In November of 2024, Lucas Burt was granted full judicial emancipation, and is the proper party to pursue any claims on his own behalf.

4.

On or about January 14, 2022, a Bell 407 helicopter, registration number N167RL, was owned, operated, maintained, inspected and/or repaired by Defendant, RLC, and being piloted by its employee, Dylan Horn. On this same date, this Bell 407 helicopter crashed into the marsh in Lafourche Parish, Louisiana, at or about the coordinates of 29.49175 N and 90.427856 W, causing the death of Dana Lee Burt and Dylan Horn (the pilot).

5.

Upon information and belief, the helicopter crashed as it was transporting Dana Lee Burt from EnVen Energy platform MC194A, which is located in the Gulf of Mexico, to 4418 Helicopter Road, Patterson, Louisiana.

6.

At all times pertinent hereto, Dylan Horn, the pilot of the Bell 407 helicopter, was employed by Defendant, RLC, and was acting within the course and scope of his employment at the time of this crash. Plaintiff avers that Defendant, RLC, is answerable for any and all negligent acts of Mr. Horn while he was acting within the course and scope of his employment pursuant to La. C.C. art. 2320.

7.

Defendant, RLC, and its employees, including Dylan Horn, at all times prior to and during the flight, had exclusive control and management of the Bell 407 helicopter in which Dana Lee Burt, decedent, was riding as a passenger.

8.

The crash resulting in Dana Lee Burt's injuries and death was such that, in the ordinary course of events, it would not have occurred had Defendant and/or its employees, including Dylan Horn, exercised proper care.

9.

The helicopter crash and the corresponding injuries and death of Dana Lee Burt resulted from the negligence and/or fault of Defendant, RLC, and/or its employees, in the following, but not exclusive, particulars:

    A.    Negligence in the operation of the helicopter;

    B.    Negligence in the maintenance of the helicopter;

    C.    Operating the helicopter in an unsafe manner;

    D.    Inadequate supervision of the pilot;

    E.    Failure to properly train its employees;

    F.    Failure of employees of Defendant to inspect, maintain and/or repair the helicopter prior to the crash;

    G.    Negligent hiring; and

    H.    Any other acts or omissions as will be shown at trial, all of which were in contravention of the exercise of due care, prudence and applicable ordinances and/or laws, which are specifically pleaded herein as if copied in extenso.

10.

Plaintiff avers that Dana Lee Burt knew that the helicopter was going to crash and suffered pre-impact/pre-crash fear and terror. Additionally, Plaintiff avers that Dana Burt survived the negligence of Defendant and/or its employees and suffered for a time before he died. Therefore, Plaintiff is entitled to a reasonable sum for the pre-impact and pre-death fear, pain and suffering,

and mental anguish of Dana Lee Burt, and any other elements of damage available related to a survival action.

11.

Plaintiff avers that he has suffered damages due to the wrongful death of his father, Dana lee Burt, including, but not limited to:

    A.    Loss of love and affection, personal grief and sorrow, and mental anguish and grief;

    B.    Loss of support and loss of services;

    C.    Loss of fatherly guidance, advice and emotional support;

    D.    Loss of financial support;

    E.    Loss of companionship;

    F.    Loss of attention to routine physical and mental comfort; and

    G.    Any other damages as will be proven at trial.

## JURY DEMAND

Plaintiff is entitled to and requests a trial by jury on all issues.

**WHEREFORE**, Plaintiff, Lucas Dwayn Burt, prays that, after all legal delays and due proceedings are had, there be judgment herein in his favor and against Defendant, Rotorcraft Leasing Company, LLC, for all damages that are reasonable under the premises, together with legal interest from the date of judicial demand until paid, for all costs of these proceedings, and for any and all other general, legal and/or equitable relief as the law may allow. Plaintiff further demands a trial by jury.

Respectfully submitted,

*[signature]*

**C. ARLEN BRAUD, II, # 20719**
**MICHELLE O. GALLAGHER, #23886**
**STEVEN D. JACKSON, #35841**
Braud & Gallagher, L.L.C.
111 N. Causeway Blvd., Suite 201
Mandeville, LA 70448
arlenb@braudandgallagher.com
michelleg@braudandgallagher.com
stevenj@braudandgallagher.com
Telephone:    (985) 778-0771
Facsimile:    (985) 249-2662
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record via the CM/ECF electronic filing system on this 10th day of December, 2024.

*[signature]*
STEVEN D. JACKSON